# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 20, 2010

No. 09-50911
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

HUBERT ALEXANDER RICHARDS,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:09-CR-98-1

Before WIENER, PRADO and OWEN, Circuit Judges.

PER CURIAM:[*]

Hubert Alexander Richards appeals his jury trial conviction for possession with intent to distribute cocaine and aiding and abetting, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(ii)(II) and 18 U.S.C. § 2. Richards was arrested as a result of an investigation into a package that was brought by another man to the Pack and Mail store in Temple, Texas, for shipment to New York. Inside the box, which was searched by police pursuant to a warrant, was a toaster oven

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that contained a package of cocaine weighing almost 500 grams. Days after the package was seized by police, Richards went to the store to claim the package.

Richards argues on appeal that the evidence was insufficient because the Government failed to prove he had actual or constructive possession of the cocaine.

The evidence showed that Richards and another man shipped drugs from Temple, Texas, to New York through the shipping store, that Richards and the man purchased cocaine and packed the cocaine in an oven that they purchased for that purpose, that they packaged the oven in a box for shipment to New York, and that when the package failed to be delivered to New York as intended, Richards went to the shipping store to claim the package. Viewing the evidence in the light most favorable to the verdict and drawing reasonable inferences from the evidence to support the jury's verdict, *see United States v. Percel*, 553 F.3d 903, 910 (5th Cir. 2008), *cert. denied*, 129 S. Ct. 2067 (2009), we conclude that a reasonable jury could have found beyond a reasonable doubt that Richards shared the criminal intent to possess the cocaine with an intent to distribute it, that he engaged in affirmative conduct designed to make the venture succeed, and that he sought by his actions to make the venture succeed. *See United States v. Delgado*, 256 F.3d 264, 274 (5th Cir. 2001); *see United States v. Pando Franco,* 503 F.3d 389, 394 (5th Cir. 2007).

Because the evidence was sufficient to support Richards's conviction for aiding and abetting, we need not consider Richards's argument that the evidence was insufficient to demonstrate that he actually or constructively possessed the cocaine.

The judgment of the district court is AFFIRMED.